In re TRANS–PACIFIC CORPORATION.

In re NEU–BART STAMPING & MANUFACTURING CO.

In re COMMUNICATIONS EQUIPMENT CORPORATION.

In re COLUMBIA STAMPING & MANUFACTURING CORPORATION.

Nos. 44604, 44606, 44607, 44605.

District Court, S. D. California, Central Division.

May 16, 1947.

624

Morris Lavine, of Los Angles, Cal., for appellants.

HARRISON, Judge.

The question involved in this review is whether a debtor who has filed a petition under Chapter XI, Bankr.Act, 11 U.S.C.A. § 701 et seq., for an arrangement with his creditors is entitled to a jury trial upon the issue of insolvency before the bankruptcy court has authority to adjudicate such a debtor a bankrupt.

In these proceedings, the debtors filed petitions under Chapter XI. After a considerable lapse of time, no plan acceptable to the creditors was submitted. Thereupon, the debtors moved for dismissal of the proceedings. Upon a denial of the motion, the debtors in writing demanded a jury trial on the issue of insolvency, which likewise was denied. Under the provision of Section 376, 11 U.S.C.A. § 776, the referee adjudged the debtors bankrupt, and they petitioned for review.

The question involved is unique. The power of the bankruptcy court to dismiss the proceedings or adjudge the debtor a bankrupt within its sole discretion, and without the aid of a jury's finding, has not heretofore been attacked in the reported cases.

The debtors seeking this review overlook the fact that a bankruptcy court is in effect a court of equity and the parties are not entitled to jury trials as a matter of right, except in those cases where a statute specifically so provides. Barton v. Barbour, 104 U.S. 126, 134, 26 L.Ed. 672. Proceedings under Chapter XI are governed by equitable doctrines and principles. Securities Commission v. U. S. Realty Co., 310 U.S. 434, 455, 60 S.Ct. 1044, 84 L.Ed. 1293.

In these proceedings the debtors were not entitled to a jury trial on the question of their insolvency. They contend that they are in the same position as a person against whom an involuntary petition has been filed, and are entitled to a jury trial as provided in Section 19, 11 U. S.C.A. § 42. Under said section, "A person against whom an involuntary petition has been filed shall be entitled to have a trial by jury in respect to the question of insolvency, except as herein otherwise provided, and, of any act of bankruptcy alleged in such petition to have been committed, upon filing a written application therefor at or before the time within which an answer may be filed."

The debtors under their Chapter XI proceedings had to comply with Section 323, 11 U.S.C.A. § 723, which provides as follows: "A petition filed under this chapter shall state that the debtor is insolvent or unable to pay his debts as they mature, and shall set forth the provisions of the arrangement proposed by him."

The debtors stated in their petitions that they were unable to pay their debts as they matured, and the exhibits attached to their petitions showed the debtors' assets to be insufficient at a fair valuation to pay their debts. They were thus, by their own admission, insolvent in the bankruptcy sense, as defined in Sec. 1(19) of the Bankruptcy Act, 11 U.S.C.A. § 1(19), or in any other sense of the word. In order to give this court jurisdiction under Chapter XI, they were compelled to allege as true the very issues submittable to a jury under Section 1(19), and no issue of fact remains for the jury to try.

Further support of this position is found in Section 312 of the Bankruptcy Act, 11 U.S.C.A. § 712, which provides as follows: "Where not inconsistent with the provisions of this chapter, the jurisdiction, powers, and duties of the court shall be the same * * * (2) where a petition is filed under section 322 of this Act as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered at the time the petition under this chapter was filed."

Again under Section 378 of the Bankruptcy Act, 11 U.S.C.A. § 778, the following language is used: "In the case of a petition under Section 322 of this Act, the proceeding shall be conducted, so far as possible, in the same manner and with like effect as if a voluntary petition for adjudication in bankruptcy had been filed and a decree of adjudication had been entered on the day when the petition under this chapter was filed; * * *."

 It appears to me that a debtor who files under Chapter XI has placed himself in the same category as if he had filed a voluntary petition in bankruptcy. How can he claim the benefits of Section 19? Debtors contend that their property is taken without due process of the law. The fallacy of this contention is apparent when one realizes that under Chapter XI proceedings a debtor submits to the jurisdiction of the court and surrenders his property. Section 311 of the Bankruptcy Act, 11 U.S.C.A. § 711. Case v. Los Angeles Lumber Co., 308 U.S. 106, 125, 60 S.Ct. 1, 84 L.Ed. 110. One cannot have property taken away which he has already surrendered. It may be true that at the time of the surrender the debtors merely intended to have their debts composed, but now they find themselves declared bankrupt. Nevertheless, "once the jurisdiction of the court has been invoked, whether by the debtor or by a creditor, that petitioner cannot withdraw and oust the court of jurisdiction. He invokes that jurisdiction risking all of the disadvantages which may flow to him as a consequence, as well as gaining all of the benefits." Case v. Los Angeles Lumber Co., 308 U.S. 106, 126, 60 S.Ct. 1, 12, 84 L.Ed. 110.

Some significance may also be attached to the wording of the statute, which provides that the court shall do that which in its opinion may be in the interest of the creditors. This wording seems to exclude any thought or possibility of a jury trial.

In the Matter of Conway, 3 Cir., 121 F.2d 972, certiorari denied 314 U.S. 691, 62 S. Ct. 361, 86 L.Ed. 553, Circuit Judge Clark stated the facts as follows: "Appellee-debtor had filed a petition under Chapter XI of the Bankruptcy Act praying for an arrangement with his creditors. At the first meeting of creditors, the majority in number and amount rejected the debtor's proposed arrangement. Acting pursuant to Section 376(2) the referee after proper hearing decided that the best interests of creditors would be served by adjudicating the debtor a bankrupt and entered the appropriate order. The debtor objected to the order, urging that an order of adjudication could not be entered until a finding of the debtor's insolvency was made. Such a finding was impossible since the debtor was solvent in the bankruptcy sense, although he admitted his inability to pay his debts as they matured. The sole ground for the debtor's appeal from the referee's order was on the question of necessity for a finding of insolvency. Yet, without reference to this ground of appeal the learned district judge vacated the referee's order because the debtor had not been examined."

The circuit court overruled the order of the district judge and sustained the referee in adjudging the debtor a bankrupt. In so doing, Judge Clark stated: "The appellee's personal disqualification might very well have been argued. His petition must be and is based on the very language of which he now complains. Having asked for mercy, he can hardly be permitted to bite the hand from which it was dispensed. The ability to waive a constitutional provision intended for the protection of one's property rights is elementary."

After the debtor has submitted itself and property to the jurisdiction of the court, the court is no longer restricted in the fianl disposition of the proceedings if an arrangement is unsuccessful, for the act provides that the court shall do that which in its opinion may be "in the interest of the creditors." Section 376(2) of the Bankruptcy Act, 11 U.S.C.A. § 776(2). The interest of the creditors appears to be controlling, and I doubt that the debtors are in a position to complain.

 I hold that the debtor corporations were not entitled to a jury trial and as there appears no abuse of discretion by the referee, the order of the referee denying debtors a jury trial is hereby affirmed and

the injunction heretofore granted should be dissolved.

Counsel for respondents are directed to forthwith submit the necessary orders to carry into effect my views herein expressed.